UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF FLORIDA

GAINESVILLE DIVISION

| | | |
|---|---|---|
| HILDA L. SOLIS, | ) | |
| Secretary of Labor, | ) | FILE NO. |
| United States Department of Labor, | ) | |
| | ) | 1:09-cv-00225-SPM-AK |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LITTLE PEOPLE PALACE, | ) | |
| and CONNIE JAMES, Individually, | ) | |
| | ) | |
| Defendants. | ) | |

### DEFAULT JUDGMENT

Upon Plaintiff's motion for judgment by default and considering the Clerk's entry of default herein on July 29, 2010, Defendants' failures and refusals to plead or otherwise defend, the affidavit filed by Plaintiff in support of said motion, and the Court being otherwise fully advised, Plaintiff's motion for judgment by default is GRANTED. The Court enters its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1. Defendant Little People's Palace, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Alachua County, Florida, and is an employer within the meaning of § 3(d) of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

2. Defendant Connie James, an individual doing business in Alachua County, Florida, at all times hereinafter mentioned acted directly or indirectly in

Rec'd0621'11USDcFlnlPM0122

the interest of the aforesaid corporation in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

3. Defendants Little People Palace, Inc., and Connie James (collectively, "Defendants"), engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and Defendant operated a daycare/preschool facility, which constitutes an enterprise engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1)(B) of the Act, 29 U.S.C. § 203(s)(1)(B).

4. Since on or about October 14, 2007, Defendants repeatedly failed to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

5. Since on or about October 14, 2007, Defendants repeatedly employed employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

6. As a result of the conduct described above, Defendants are wrongfully withholding back wages in the amount $30,438.94 due and owed to twenty employees of Defendants. The back wages due to each employee

2

      for this time period are set forth in Schedule A which is attached to the Affidavit of Wage and Hour Investigator Joseph Doolin.

7. Since on or about October 14, 2007, Defendants repeatedly failed to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act and 28 U.S.C. §§ 1331 and 1345.

2. Defendants repeatedly violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2) by failing to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate,

3. Defendants repeatedly violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed as described in paragraph 5 above.

4. Defendants repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate

3

records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them as described in paragraph 7 above.

5. Defendants have neither pleaded nor proven that: (1) the act or omission giving rise to the violations of the Act were in good faith and (2) they had reasonable grounds for believing that their acts or omission were not a violation of the Act. See 29 U.S.C. § 260. Accordingly, under §16(c) of the Act, the Secretary is authorized to recover not only back wages for the wronged employees, but also an equal amount of liquidated damages. 29 U.S.C. § 216(c). The liquidated damages due each employee are set forth in the attached Schedule A.

Upon consideration of Plaintiff's motion for judgment by default, Defendants' having failed to answer, plead, or otherwise defend as required by law since the Clerk's entry of default herein on July 29, 2010, and it appearing that Plaintiff is entitled to the relief sought, and this Court having entered its Findings of Fact, Conclusions of Law, and Order granting Plaintiff's motion, now, therefore, in accordance therewith, it is hereby ORDERED, ADJUDGED and DECREED that Defendants, their agents, servants, employees and all persons in active concert or participation with them who receive actual notice hereof are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

A. They shall not, contrary to §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), employ any employee in commerce or in the production of goods

4

for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed.

  B. They shall not, contrary to §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), fail to pay employees employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.

  C. They shall not, contrary to §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

  IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants hereby are restrained from withholding payment of back wages in the total amount of $39,038.94 and an additional equal amount as liquidated damages due employees for the periods of employment and in the amounts indicated with respect to each, as set forth in Schedule A attached hereto. The private rights, under the Act, of any employee of Defendants not named or for periods not stated in said Schedule A shall not be terminated or otherwise adversely affected by this proceeding.

  Defendants also shall provide Plaintiff's attorneys with a schedule showing their employer I.D. number and the last-known address and social security number as to each employee listed on Schedule A.

  Plaintiff, thereupon, shall distribute the back wages and liquidated damages owed to the named employees, or to their personal representatives, and any amounts not so

distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

It is FURTHER ORDERED that court costs of this action hereby are taxed to Defendants for which execution may issue.

This 21st day of June, 2011.

THE HONORABLE
UNITED STATES DISTRICT JUDGE

## SCHEDULE A

## LITTLE PEOPLE PALACE

| Name | Period From and To | Backwages + | Liquidated Damages = | TOTAL |
|---|---|---|---|---|
| Anya Abney | 8/30/08-5/23/09 | $5,600.27 | $5,600.27 | $11,200.54 |
| Michelle Camarrillo | 10/11/08-11/1/08 | 35.70 | 35.70 | 71.40 |
| Lashundra Cunningham | 2/28/09-5/23/09 | 4,316.94 | 4,316.94 | 8633.88 |
| Doloris Golston | 6/14/08-6/28/08 | 176.38 | 176.38 | 352.76 |
| Erica Johnson | 2/21/09-3/14/09 | 700.34 | 700.34 | 1,400.68 |
| Jennifer Johnson | 4/19/08-7/12/08 | 191.25 | 191.25 | 382.50 |
| Jermecka Johnson | 4/5/08-9/13/08 | 449.44 | 449.44 | 898.88 |
| Ruby Lang | 2/14/09-5/23/09 | 1,358.00 | 1,358.00 | 2,716.00 |
| Lanay McBride | 12/06/08-5/23/09 | 4,479.60 | 4,479.60 | 8,959.20 |
| Tavera McClendon | 9/20/08-9/27/08 | 25.50 | 25.50 | 51.00 |
| Kamisha McCray | 2/21/09-5/23/09 | 3,272.47 | 3,272.47 | 6,544.94 |
| Rose Mobley | 3/29/08-12/13/08 | 255.00 | 255.00 | 510.00 |
| Natasha Morris | 3/29/08-6/28/08 | 116.25 | 116.25 | 232.50 |
| Statiria Scott | 3/29/08-6/28/08 | 165.75 | 165.75 | 331.50 |
| Brenda Taylor | 3/28/09-5/23/09 | 1,464.75 | 1,464.75 | 2,929.50 |
| Brighton Taylor | 3/28/09-5/23/09 | 2,838.96 | 2,838.96 | 5,677.92 |
| Katie Taylor | 4/11/09-4/11/09 | 49.13 | 49.13 | 98.26 |
| Victoria Tillman | 2/27/09-5/23/09 | 2,499.91 | 2,499.91 | 4,999.82 |

| | | | | |
|---|---|---|---|---|
| Le Cherie Udell-Watson | 10/4/08-2/28/09 | 741.58 | 741.58 | 1,483.16 |
| Melinda Wise | 4/12/08-4/25/09 | 1,701.72 | 1,701.72 | 3,403.44 |
| **TOTAL** | | 30,438.94 + | 30,438.94 = | 60,877.88 |